[No. 23755.    Department Two.    August 10, 1932.]

J. W. CONNOR, *Respondent,* v. FRANK MOHR, *Appellant.*[1]

*G. E. Lovell,* for appellant.
*A. O. Colburn,* for respondent.

TOLMAN, C. J.—This is an action for slander. By affirmative answer and cross-complaint, the defendant set up two similar causes of action against the plaintiff growing out of the same transaction which gave rise to the plaintiff's cause of action.

[1]Reported in 13 P. (2d) 501.

At the close of the plaintiff's case, the defendant moved for a nonsuit, and the plaintiff countered by requesting leave to reopen his case and present further testimony. After argument the trial court intimated that he was inclined to the view that, even with the proposed additional testimony in the case, there would not be sufficient to take the plaintiff's case to the jury; whereupon, apparently in order to open the way to a dismissal of the action, the defendant moved for a voluntary dismissal of his cross-complaint, and the plaintiff thereupon immediately moved for a voluntary nonsuit.

The court granted both motions and by written order dismissed the cross-complaint without prejudice and without costs, and dismissed the plaintiff's action without prejudice. The defendant appeals from this disposition of the plaintiff's case, contending that the plaintiff's cause of action should have been dismissed with prejudice.

The statute, Laws of 1929, chapter 89, p. 172, § 1, provides that a plaintiff may not take a voluntary nonsuit when a set-off or affirmative relief is asked; hence until the defendant's request for dismissal of his cross-complaint was made, the plaintiff could not ask for a voluntary nonsuit; but the defendant's motion being made, the way was then for the first time opened to the plaintiff to dismiss his action.

Having availed himself of his privilege promptly, before an adverse ruling and in a way which appealed to the discretion of the trial court, we see no ground for our interference.

The judgment appealed from is affirmed.

HOLCOMB, MAIN, BEALS, and MILLARD, JJ., concur.